# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BMO HARRIS BANK N.A.,**

    **Plaintiff,**

v.

    Case No. 2:17-cv-760
    JUDGE GEORGE C. SMITH
    Magistrate Judge Jolson

**ICS 1 LTD,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Plaintiff BMO Harris Bank's Motion for Summary Judgment. (Doc. 8). Defendants, ICS 1 Ltd. ("Borrower") and Mark Harmon ("Guarantor"), filed a Response in Opposition, followed by a retraction. (Docs. 13 and 14). Plaintiff also filed a Reply. (Doc. 15). Additionally, Plaintiff filed a Supplemental Motion on damages following the liquidation of the collateral. (Doc. 22). Accordingly, the issues before the Court are fully briefed and ripe for review. For the reasons that follow, Plaintiff BMO Harris Bank's Motion for Summary Judgment is **GRANTED**.

### I. BACKGROUND

This is a collection and replevin action. On March 12, 2015, Borrower entered into two loan agreements (collectively the "Agreements") with non-party GE Capital Commercial, Inc. ("GECCI") to finance the purchase of equipment for use in Borrower's business. Pursuant to the first agreement, Borrower agreed to pay GECCI $305,151.92 including interest. (Doc. 22-1). On April 21, 2015, Borrower entered into a second agreement whereby GECCI agreed to finance Borrower's purchase of additional equipment. Borrower agreed to pay GECCI $99,188.88

including interest. (Doc. 22-1). Guarantor executed a Continuing Guaranty for both loan agreements in which Guarantor "agreed to promptly and fully perform, pay and discharge all of Borrower's present and future liabilities, obligations and indebtedness to GECCI and its successors in interest." (Doc. 8, Mot. for. Sum. Judgment at 5). Borrower also granted GECCI a security interest in collateral, which consisted of several vehicles, and GECCI "perfected its security interests in the Collateral by recording its lien on the Certificates of Title for each of the vehicles." (Doc. 8-1, SOF ¶¶ 12–13). On December 1, 2015, GECCI transferred and assigned to Plaintiff all its rights, titles, and interests in and to its accounts with Defendants at which point Plaintiff became GECCI's successor-in-interest. (*Id.* ¶ 15). In early 2017, Borrower defaulted on both loan agreements by failing to pay the amounts due thereunder. (Doc. 1, Compl. ¶ 16). As a result of the default, Plaintiff "elected to accelerate the balance due thereunder and declare the entire indebtedness owed immediately due and payable." (Doc. 8, Mot. for. Sum. Judgment, at 6). "The principal amount due and owing after acceleration totals not less than $197,145.67." (Doc. 8-1, SOF ¶ 21). In early 2018, Plaintiff took possession of the Collateral and subsequently "sold off all units of the Collateral at public auction" receiving "net proceeds of $94,468.09." (*Id.* ¶¶ 30, 34).

## II. STANDARD OF REVIEW

Plaintiff has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A

genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id*. at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury"). In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Id*.

### III.  DISCUSSION

Plaintiff seeks judgment in its favor against Defendants in the amount of $165,327.14 plus interest accruing at a rate of $77.73 per diem following September 6, 2018. (*See* Doc. 22). Plaintiff argues that summary judgment is appropriate with respect to both liability and damages. Plaintiff "is entitled to summary judgment with respect to liability, since the undisputed facts establish all four elements of BMO Harris' claim for breach of contract." (Doc. 22, Amend. Mem. at 8). Additionally, regarding damages, there is no genuine dispute "that Plaintiff has been damaged and the amount of damages." (Doc. 22, Amend. Mem. at 9).

**A.     Breach of Contract**

3

The parties do not dispute that Defendants' default under the Agreements constitutes a breach of contract which entitles Plaintiff to recover. "Defendants conceded in answering the Complaint that the Agreements constituted valid and binding contracts" and also admitted that "the Loan Documents that provide BMO Harris its rights 'speak for themselves.'" (Doc. 22, Amend. Mem. at 8).

The laws of Utah govern the parties' respective rights and obligations under the Agreements as dictated by contract. Under Utah law, a breach of contract action requires: "(1) a valid contract; (2) performance by the plaintiff thereunder; (3) breach of the contract by the defendant; and (4) damages to the plaintiff." *Simmons Media Grp. v. Waykar, LLC.*, 335 P.3d 885, 890 (Utah Ct. App. 2014). The parties are in agreement that the above requirements are met. Both parties agree that the Agreements constitute valid contracts. They also agree that "BMO Harris and its predecessors-in-interest have performed any and all conditions and obligations required of them under the Loan Documents." (Doc. 8-1, SOF ¶ 25). Furthermore, "Defendants breached by failing to make payments when due as required under the Agreements, thus causing damage to BMO Harris, which is entitled to recover from Defendants." (Doc. 22, Amend. Mem. at 8). Consequently, all the requirements of a valid cause of action for breach of contract are met making summary judgment appropriate as no genuine issues of material fact remain.

**B.      Damages**

The amount of damages due and owing in this case was originally disputed by the parties. Plaintiff argued that summary judgment was appropriate as "Defendants cannot genuinely dispute that Plaintiff has been damaged and under the Agreements is owed an amount not less than $216,520.41, plus interest at the rate of $98.57 *per diem* from June 29, 2017, plus attorneys' fees and costs incurred by BMO Harris to recover from Defendants all such amounts owed." (Doc. 8,

4

Mot. for Sum. Judgment at 10). Defendants initially argued that there was an issue of material fact regarding the amount of damages owed due to "Plaintiff's repossession of one of the tractors." (Doc. 13, Mem. in Opp. at 1). Defendants later retracted the Memorandum in Opposition upon discovering that they were mistaken about repossession of the tractor and stated that "once Plaintiff repossesses all five trucks, it will determine the amount of alleged damages." (Doc. 14, Mem. in Supp. at 2). Now that Plaintiff has repossessed the trucks and sold the Collateral, there is no longer a dispute regarding the amount of damages. "BMO Harris credited the account with the net sale proceeds of the Collateral on May 2, 2018, and applied the proceeds first to outstanding costs of collection, then to accrued and unpaid late fees, then to accrued and unpaid interest, and then to principal." (Doc. 22, Amend. Mem. at 6). "Calculated as of September 6, 2018, after crediting Defendants with the net sale proceeds of the Collateral, the total amount due and owing under the Agreements, not including attorneys' fees, totals $165,327.14." (Doc. 22, Amend. Mem. at 6–7). "Interest continues to accrue on the amount of unpaid principal at the rate of $77.73 *per diem*." (Doc. 22, Amend. Mem. at 6). Therefore, there is no genuine issue of material regarding damages as both parties are now in agreement on amount of damages following the sale of the Collateral.

**C.     Attorneys' Fees**

Plaintiff argues that "under the Agreements, Defendants are obligated to the pay the attorneys' fees and costs incurred by BMO Harris in enforcing its rights thereunder." (Doc. 22 Amend. Mem. at 7). However, Plaintiff provides no foundation for this argument nor is an amount owed specified. Due to the lack of specificity, Plaintiff's request to order payment of attorneys' fees is denied.

**IV.     CONCLUSION**

Based on the aforementioned discussion, the Court finds that no genuine issues of fact remain and that Plaintiff BMO Harris Bank is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Federal Procedure. Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. 8). Final judgment shall be entered in favor of Plaintiff in the amount of $165,327.14 plus interest at the rate of $77.73 *per diem*.

The Clerk shall remove Documents 8, 13, 14, 15, and 22 from the Court's pending motions list and enter judgment in favor of the Plaintiff.

       **IT IS SO ORDERED.**

       */s/ George C. Smith*_____
       **GEORGE C. SMITH, JUDGE**
       **UNITED STATES DISTRICT COURT**